IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>DAMEIN CLARK,<br><br>         Defendant. | 8:07CR184<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant's motion for a reduction of sentence, Filing No. 60.

The defendant was indicted on May 23, 2007, for conspiracy to possess with intent to distribute 50 grams or more of cocaine base ("crack cocaine").  The Indictment charged that he participated in a conspiracy "[b]eginning from an unknown date but at least as early as January I, 2003, and continuing through May 21, 2007."  Filing No. 1, Indictment.  At the time of Clark's conviction, conspiracy to distribute 50 grams or more of crack cocaine resulted in a mandatory minimum term of imprisonment of 10 years and a maximum sentence of life.  *See* 18 U.S.C. § 841(a)(1)(b) (2007).

Pursuant to a plea agreement, Clark entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine.  Filing No. 51, Judgment.  In his plea agreement, the defendant agreed that he should be held responsible for 222 grams of crack cocaine.  Filing No. 34, Plea Agreement.  The plea agreement contemplated cooperation by the defendant, but no motion for a reduction of sentence under Fed. R. Crim. P. 35 has ever been filed.  The defendant did not appeal his conviction or sentence, and the time to file an appeal has expired.  *See*

Fed. R. App. P. 4(b); *see Clay v. United States*, 537 U.S. 522, 527 (2003) (in the context of postconviction relief, "finality has a long-recognized, clear meaning: Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

In the Presentence Investigation report ("PSR"), the probation office determined that Clark's base offense level was 31 and his criminal history category was IV, resulting in a Guidelines sentencing range of 151 to 188 months. Clark was sentenced on March 20, 2008. The court found Clark's criminal history category was overstated and determined that Clark's criminal history was similar to that of a person in criminal history category II. The court sustained Clark's motion for a sentence outside the Guidelines recommended sentence and imposed the statutory mandatory minimum sentence of 120 months. Filing No. 51, Judgment. Clark later moved for a sentence reduction under a Guidelines amendment involving the crack/powder cocaine ratio. Filing No. 60. The court found the defendant had received the benefit of the amendment in his Guidelines calculation (reducing his base offense level by two levels to 29), but that the court lacked authority to impose a sentence below the mandatory minimum. Filing No. 58, Order.

Clark now seeks a sentence reduction under the Fair Sentencing Act of 2010 ("FSA"), 21 U.S.C. § 841(b)(1)(A)(iii) (2010) (changing the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1). In the FSA, which became effective on August 3, 2010, Congress changed amount of crack cocaine that triggers a 10 year mandatory minimum sentence from 50 grams to 280 grams. *Id.* The Supreme Court recently

clarified that the FSA applies where the defendant committed the crime before, but was sentenced after, the FSA went into effect. *Dorsey v. United States*, —- U.S. —-, 132 S. Ct. 2321, 2323 (June 21, 2012) (2012) (holding that the FSA's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but that were not sentenced until after August 3"); *United States v. Gamble*, — F.3d —, 2012 WL 2742553, *1 (8th Cir. July 10, 2012).  However, the FSA is not retroactively applied to defendants sentenced prior to the FSA's effective date.  *See United States v. Finley*, — F.3d —, —, 2012 WL 2505630, *5 (6th Cir. June 29, 2012) (noting that the clarification in *Dorsey* does not help defendants sentenced prior to August 3, 2010); *see also United States v. Goncalves*, 642 F.3d 245, 252–255 (1st Cir. 2011); *United States v. Acoff*, 634 F.3d 200, 202 (2d Cir. 2011); *United States v. Reevey*, 631 F.3d 110, 114–15 (3d Cir. 2010); *United States v. Bullard*, 645 F.3d 237, 248–49 (4th Cir. 2011); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir.2011); *United States v. Bell*, 624 F.3d 803, 814–15 (7th Cir. 2010); *United Smith*, 632 F.3d at 1047–49; *United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010) (uniformly declining to apply the FSA defendants who were sentenced prior to enactment of the FSA).

Clark does not cite, and the court is not aware of, any authority for the proposition that his conviction and sentence are not yet final because a Rule 35 motion could potentially be filed.  *See Dillon v. United States*, 130 S. Ct. 2683, 2692 (noting that 18 U.S.C. § 3582(c)(2) is a narrow exception to the rule of finality and Fed. R. Crim. P. 35 "delineates a limited set of circumstances in which a sentence may be corrected or

reduced"—authorizing a reduction for substantial assistance on the government's motion).

The court finds the recent clarification in *Dorsey* does not apply to the defendant since his conviction and sentence were final long before the FSA's effective date. Accordingly,

IT IS ORDERED that the defendant's motion for a reduction of sentence (Filing No. 60) is denied.

DATED this 24th day of July, 2012.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge